UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| OFFICEMAX INCORPORATED, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>COUNTY QWIK PRINT, INC., )<br>DAVID A. LEVESQUE, and )<br>DANA RATTRAY, )<br>)<br>Defendants ) | Civil Action No. 1:10-cv-110-JAW |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

NOW COME the Defendants, County Qwik Print, Inc., David A. Levesque, and Dana Rattray, and hereby give this Court notice of the following supplemental authority in further support of their Motion for Stay of Injunction Pending Appeal. (See Docket No. 69.). In support hereof, Defendants state as follows:

Subsequent to filing its reply memorandum in further support of the foregoing motion, the United States District Court for the District of Vermont issued a Memorandum and Order in the matter of OfficeMax Incorporated v. W.B. Mason Co., Inc., et al., Case No. 2:11-cv-21. The matter pending in the District of Vermont is virtually identical to the instant matter. In that case, William Ramsey, the individual defendant[1], worked for McAuliffe, Inc. ("McAuliffe"), an independent office-supply company that was purchased by Boise Cascade Office Products Corporation ("BCOP") in 1996. As part of the transaction, Mr. Ramsey signed a document

---

[1] OfficeMax also named Mr. Ramsey's employer, W.B. Mason, Co., Inc., as a defendant.

entitled "Confidential Information and Noncompetition Agreement" (the "Agreement"). A copy of the Agreement signed by Mr. Ramsey was attached to OfficeMax's Complaint as Exhibit A in that matter and is attached hereto **Exhibit 1**.

OfficeMax moved for preliminary and permanent injunctive relief against Mr. Ramsey, based on the Agreement. On February 18, 2011, Judge William K. Sessions, III denied OfficeMax's motion for a temporary restraining order. A copy of Judge Sessions' Memorandum and Order is attached hereto as **Exhibit 2**.

Judge Sessions found that, "[b]y the plain language of the Agreement, Ramsey agreed to a noncompetition provision that extended for twelve months after the termination of his employment with McAuliffe." (Exhibit 2 at 7.) Judge Sessions further found:

> There is no dispute that Ramsey's employment with McAuliffe terminated in 1996. The restrictions on Ramsey's employment therefore terminated in 1997. To be sure, Ramsey agreed that his signing the Agreement was intended to benefit BCOP. But assuming that OfficeMax now stands in BCOP's shoes and may enforce the Agreement, all it may enforce is the long-expired restrictions that followed the termination of Ramsey's employment with McAuliffe.

(Exhibit 2 at 7.) Moreover, Judge Sessions found that the provision of paragraph 6 of the Agreement, wherein Ramsey agreed "that if requested by BCOP, and for the same consideration stated above, [he] would sign a noncompetition agreement in substantially the same form as this Agreement and which names BCOP as the employer", was a key provision in the Agreement and could not be rendered meaningless:

> That it was the intent of the contracting parties for the restrictions on Ramsey's employment to end twelve months after termination of his employment with McAuliffe rather than twelve months after termination of his employment with any other successor employer is further made clear by the portion of assignment clause that reads, "I further agree that if requested by BCOP, and for the consideration stated above, I will sign a noncompetition agreement in substantially the same form as this

>Agreement and which names BCOP as the employer." If the contracting parties truly had intended the noncompetition restrictions to end twelve months after termination of Ramsey's employment with BCOP, this sentence would make little sense since a second agreement in "substantially the same form as th[e] [first] Agreement," but naming BCOP as the employer, would do no more than what OfficeMax claims the original Agreement did.

(Exhibit 2 at 7, n.2.)

Defendants bring this decision to this Court's attention not to seek reconsideration of this Court's prior order, but in further support of the arguments made in their motion to stay the injunction pending appeal. Specifically, the decision by the District Court in Vermont should be considered authority in support of Defendants' interpretation of the Agreements; namely, that it only restricted Defendants from competing for twelve months after they left employment with Loring, Short & Harmon ("LS&H"); the twelve-month provision was intended to facilitate BCOP's purchase of LS&H by giving it a window within which LS&H's former employees could not leave employment with BCOP to work for a competitor and take LS&H's former customers; and the subsequent employment contract provision is rendered superfluous if BCOP is entitled to enforce the Agreement. (Docket No. 69 at 3-5.)

In light of the foregoing, and considering that the First Circuit Court of Appeals reviews interpretation of contracts de novo,[2] Defendants believe that this recently decided case supports their likelihood of success on the merits of their appeal, thereby justifying a stay of the preliminary injunction pending appeal.

Dated: March 2, 2011

---

[2] See Farrington's Owners' Association v. Conway Lake Resorts, Inc., 2005 ME 93, ¶ 10, 878 A.2d 504, 507.

        /s/ Edward W. Gould
Edward W. Gould, Esq.
ewgould@grossminsky.com


        /s/ Joseph M. Bethony
Joseph M. Bethony, Esq.
jmbethony@grossminsky.com

Members of the law firm of
 Gross, Minsky & Mogul, P.A.
Attorneys for Defendants
23 Water Street - P.O. Box 917
Bangor, ME 04402-0917
(207) 942-4644

Certificate of Service

I hereby certify that on the 2nd day of March, 2011, I electronically filed **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Russell B. Pierce, Jr., Esq., and John B. Flood, Esq.

        /s/ Joseph M. Bethony
Joseph M. Bethony, Esq.
jmbethony@grossminsky.com

A member of the law firm of
 Gross, Minsky & Mogul, P.A.
Attorneys for Defendants
23 Water Street - P.O. Box 917
Bangor, ME 04402-0917
(207) 942-4644