UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| OFFICEMAX INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10-cv-00110-JAW |
| | ) | |
| COUNTY QWIK PRINT, INC., | ) | |
| d/b/a/ CQP OFFICE SOLUTIONS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO STAY INJUNCTION PENDING APPEAL**

The Court denies the Defendants' motion to stay an injunction pending an appeal. Having first failed to convince the Court they were right, the same arguments do not now convince the Court it was wrong.

**I.  STATEMENT OF FACTS**

On November 8, 2010, the Court issued a preliminary injunction in favor of OfficeMax Incorporated and against David Levesque and David Rattray, enjoining both men for a period of one year from selling office products to some of the customers they had serviced while employed at OfficeMax. *Order on Mot. for Prelim. Inj. and Mots. to Dismiss* (Docket # 65) (*Prelim. Inj. Order*). On December 1, 2010, Mr. Levesque and Mr. Rattray appealed to the Court of Appeals for the First Circuit. *Notice of App.* (Docket # 68). On the same day, they moved for a stay of the preliminary injunction pursuant to Rule 62(c) while the appeal is pending, arguing that they are likely to succeed on the merits of their appeal, that they will be irreparably injured if the stay is not granted, that OfficeMax will not be

substantially harmed by the stay, and that the public interest favors a stay. *Defs.' Mot. for Stay of Inj. Pending App.* (Docket # 69) (*Defs.' Mot.*). OfficeMax objected. *Pl.'s Opp'n. to Defs.' Mot. for Stay of Inj. Pending Appeal* (Docket # 75) (*Pl.'s Opp'n*). The Defendants replied. *Defs.' Reply Mem. in Further Support of Their Mot. for Stay of Inj. Pending Appeal* (Docket # 77) (*Defs.' Reply*).

## II. DISCUSSION

Rule 62 represents a limited departure from the general rule that the filing of a notice of appeal divests the district court of jurisdiction over the case:

> For it is fundamental to a hierarchical judiciary that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

*Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (1st Cir. 1997) (internal punctuation and citation omitted). Rule 62(a) clarifies that unless a court orders otherwise, an interlocutory injunction is not stayed pending appeal. FED. R. CIV. P. 62(a). However, Rule 62(c) provides:

> When an appeal is pending from an interlocutory order . . . that grants . . . an injunction, the court may suspend [or] modify . . . an injunction on terms for bond or other terms that secure the opposing parties' rights.

FED. R. CIV. P. 62(c). In *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), the United States Supreme Court addressed the proper standard to evaluate a motion for stay pending appeal under Rule 62(c):

> Different Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending appeal. *See* FED. R. CIV. P[.] 62(c); FED. R. APP. P[.] 8(a). Under both Rules, however, *the factors*

2

> *regulating the issuance of a stay are generally the same:* (1) whether the stay applicant has made a *strong showing that he is likely to succeed* on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

(emphasis added). Consistent with *Hilton,* the First Circuit later explained:

> The sine qua non of the stay pending appeal standard is whether the movants are likely to succeed on the merits. In essence, the issuance of a stay depends on whether the harm caused movant without the stay, in light of the movant's likelihood of eventual success on the merits, outweighs the harm the stay will cause the non-moving party.

*Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 16-17 (1st Cir. 2002) (citations and internal punctuation omitted).

Invariably, the party seeking the stay contends that the preservation of the status quo that existed before the order under appeal will prevent the harm the order has caused and will allow the appealing party to obtain a definitive ruling from the appellate court of a contested legal issue. But such an argument fails to fully credit the impetus for the issuance of the original order, including a finding of irreparable harm to the appellee. Accordingly, the First Circuit has cautioned that "[w]hat matters . . . is not the raw amount of irreparable harm [a] party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits." *P.R. Hosp. Supply, Inc. v. Boston Scientific Corp.*, 426 F.3d 503, 507 n.1 (1st Cir. 2005) (quoting the Massachusetts standard, which "closely tracks the federal standard").

It is difficult for a losing party to successfully make a "strong showing" to the trial court that there is a likelihood of success on appeal, since "if the court had

3

concluded it was likely making the wrong decision, it would have made the right one." *United States v. Burk*, 372 F. Supp. 2d 104, 106 (D. Me. 2005) (citing *United States v. Bayko*, 774 F.2d 516, 521-22 (1st Cir. 1985)) (addressing a motion for stay of execution of a sentence under 18 U.S.C. § 3143(b)). Even so, here, in their motion for stay, Mr. Levesque and Mr. Rattray simply reiterated precisely the same arguments the Court earlier considered and rejected. The Court's Orders—right or wrong—were not spontaneous, largely discretionary, trial rulings but were set forth in extended written decisions. *Order on Mot. for TRO* (Docket # 23); *Prelim. Inj. Order*; *see Perez Rodriguez v. Rey Hernandez*, 304 F. Supp. 2d 227, 231 (D.P.R. 2004) (denying a motion for stay pending appeal noting that "the Court has already examined and rejected these arguments"). Mr. Levesque and Mr. Rattray have not revealed an obvious error such as misciting a statute, misunderstanding of binding precedent, or overlooking a piece of crucial evidence.

After the briefing, Mr. Levesque and Mr. Rattray filed notice of supplemental authority, attaching a decision of the United States District Court in Vermont regarding a dispute among OfficeMax, W.B. Mason, and William Ramsey, a former salesman for OfficeMax currently employed by W.B. Mason. *Def.'s Notice of Supplemental Auth.* (Docket # 86) (citing *OfficeMax Inc. v. W.B. Mason Co., Inc.*, No. 2:11-cv-21, 2011 U.S. Dist. LEXIS 17331 (D. Vt. Feb. 18, 2011)). In its decision, the District Court concluded that a 1996 non-competition agreement with a predecessor of OfficeMax terminated twelve months after the termination of the employee's employment with the predecessor. *Id.* *8.

4

The Court has no quarrel with the District Court's opinion as far as it went. In fact, like the Vermont District Court, this Court resolved that there had been no written or oral assignment from Loring Short & Harmon to Boise Cascade Office Products. *Order on Mot. for Prelim. Injunc. and Mot. to Dismiss* at 34 (Docket # 65). Instead, this Court determined that the effectiveness of the Loring Short & Harmon to Boise Cascade Office Products assignment depended on two critical facts: 1) whether the assignment manifested an intent of the parties to make an assignment; and 2) whether the parties' conduct before and after the transaction demonstrated an effective assignment. *Id.* at 34-37. The District Court in Vermont simply did not reach the critical factual and legal issues in this case. Although the District Court opinion is of some assistance, it involved different parties, different contracts, different evidence, and different law and the Court is not convinced by the subsequent authority that it erred.

Having failed to satisfy the first *Braunskill* factor—a likelihood of success on the merits, the Court need not consider the second, third and fourth factors.

## III. CONCLUSION

The Court DENIES the Plaintiffs' Motion for Stay Pending Appeal (Docket # 69).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 17th day of March, 2011

5