UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| OFFICEMAX INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10-cv-00110-JAW |
| | ) | |
| COUNTY QWIK PRINT, INC., | ) | |
| d/b/a/ CQP OFFICE SOLUTIONS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION REGARDING DIVESTITURE OF JURISDICTION**

While the Defendants' appeal of the Court's preliminary injunction is pending, the Plaintiff moved to dismiss three of the counts in the individual Defendants' counterclaims. The Defendants requested that the motion to dismiss be stayed on the ground that the pendency of the appeal divests the trial court of jurisdiction. Concluding that the motions to dismiss do not touch on the issues on appeal, the Court denies the Defendants' motion to stay.[1]

**I.  STATEMENT OF FACTS**

On November 8, 2010, the Court issued an extensive Order in this acrimonious dispute between Plaintiff OfficeMax Incorporated (OfficeMax) and Defendants and Counterclaim Plaintiffs County Qwik Print, Inc., David Levesque, and Dana Rattray, granting in part OfficeMax's request for a preliminary injunction against the Defendants. *Order on Mot. for Prelim. Inj. and Mots. to Dismiss* (Docket

---

[1] The Defendants never formally filed a motion to stay but only included a request for one in their memorandum. As there is no procedural basis for granting a request, the Court has treated the request as a motion.

# 64) (*Prelim. Inj. Order*). On December 1, 2010, the Defendants filed an interlocutory appeal of the Order to the First Circuit Court of Appeals. *Notice of Appeal* (Docket # 68). Shortly after the appeal was docketed, on December 15, 2010, OfficeMax moved to dismiss Counts I through III of the Counterclaim. *Pl.'s/Counter-Def.'s Mot. to Dismiss Counts I – III of Def./Counter-Pls.' Countercls.* (Docket # 72). The Defendants responded on January 11, 2011, and, without addressing the substance of OfficeMax's motion, requested a stay of the motion pending the appeal. *Defs.' Mem. Regarding Divesture of Jurisdiction in Dist. Ct. Upon Filing of Notice of Appeal* (Docket # 82) (*Def.'s Mem.*). On January 26, 2011, OfficeMax replied to the Defendants' request. *Pl.'s Opp'n to Defs.' Mot. Regarding Divesture of Jurisdiction in Dist. Ct. Upon Filing of Notice of Appeal* (Docket # 84) (*Pls.' Opp'n*).

## II. THE POSITIONS OF THE PARTIES

### A. Simultaneous Jurisdiction

The Defendants' main argument is that the Court should stay action on the pending motion to dismiss while the appeal is pending because the First Circuit has assumed jurisdiction over the case. *Defs.' Mem.* at 3–4. The Defendants are correct up to a point. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *Bradford-Scott Data Corp. v. Physician Computer Network*, 128 F.3d 504, 505 (7th Cir. 1997) ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a

2

case simultaneously"). The First Circuit has addressed the extent to which a district court is divested of jurisdiction in the context of the appeal of a criminal case. In *United States v. Mala*, 7 F.3d 1058, 1060–61 (1st Cir. 1993), the Court wrote that "an appeal from either a final order or an interlocutory order made immediately appealable by statute diverts a district court of authority to proceed with respect to any matter touching upon, or involved, in, the appeal." (internal citation omitted). Thus, the inquiry turns upon the nature and scope of the matters under appeal and the extent to which they "touch upon" the Defendants' counterclaims.

B. **"Touch Upon"**

Addressing whether the issues on appeal "touch upon" the issues in the pending motion to dismiss, the defendants explain that one of the central disputes in their counterclaims is whether "the compensation plan on which portions of Defendants' counterclaim is based is . . . a contract between Plaintiff and Defendants." *Defs.' Mem.* at 4. The Defendants point out that when the Court denied OfficeMax's motion for a Temporary Restraining Order, *Order on Mot. for TRO* (Docket # 23), it ruled that the Defendants' employment offers from OfficeMax and its predecessor, Boise Cascade Office Products Corporation, were not "comprehensive employment contracts" that "supersed[ed] and replac[ed] the earlier Agreement." *Defs.' Mem.* at 4 (quoting *Order on Mot. for TRO* at 13). They conclude that "[a] ruling now from this Court on the nature and extent of Defendants' compensation plan touches upon, and could be inconsistent with, an issue that may be decided by the First Circuit on appeal, namely whether the subsequent

3

employment offers to Defendants should supersede the terms of the Agreement." *Id.* Thus, they argue, "[g]oing forward and deciding that Defendants' compensation plan was/is not a contract would be inconsistent with a variation of the same question being posed on appeal." *Id.*

OfficeMax disagrees. It says that Counts I – III "concern an incentive compensation plan that has nothing to do with the NonCompetition Agreements entered into between Defendants Levesque and Rattray and Loring, Short & Harmon, in 1996." *Pls.' Opp'n* at 7. It contends that the OfficeMax incentive plan "is in no manner referenced in the NonCompetition Agreements that Defendants signed, and were not related at all to the terms of compensation that Defendants enjoyed while working for Loring, Short & Harmon (which was acquired by Boise Cascade Office Products, OfficeMax's predecessor in interest, in 1996)." *Id.* at 7–8. Furthermore, it asserts that the "issue of whether or not OfficeMax's incentive compensation plan constitutes an enforceable contract does not relate at all to any of the issues encompassed within the scope of Defendants' interlocutory appeal." *Id.* at 8.

Finally, after the parties filed their memoranda, OfficeMax filed a supplement to its reply. *Pl.'s Supplement to its Opp'n to Defs.' Mot. Regarding Divesture of Jurisdiction in Dist. Ct. upon Filing of Notice of Appeal* (Docket # 85). OfficeMax attached an Order of the First Circuit Court of Appeals to the Plaintiffs requesting that they "show cause" as to "why the appeal should include an appeal from that portion of the district court's order addressing defendant's motion to

4

dismiss." *Id.* Attach. 1 at 2. OfficeMax also attached the Defendants' response, which clarified to the Court of Appeals that they were "not seeking appellate review of those portions of the District Court's Order denying their motion to dismiss" and were "solely seeking review of the portions of the District Court's Order granting the preliminary injunction." *Id.* Attach. 2 at 3. According to OfficeMax, the interchange between the First Circuit and the Defendants "shed[s] light on the scope of this Court's continuing jurisdiction over this case pending Defendants' interlocutory appeal of the Court's ruling on Plaintiff's motion for injunctive relief." *Id.* at 1.

## III. DISCUSSION

In the context of this case, the question becomes what constitutes "any matter touching upon, or involved in, the appeal." *Id.* In *Pharmaceutical Care Management Association v. Maine Attorney General*, 332 F. Supp. 2d 258, 259 (D. Me. 2004), addressing a similar issue, the District Court observed that "it can be said that trial court proceedings directed to the merits of the lawsuit inevitably 'touch upon' the interlocutory appeal." Judge Hornby refined the test by saying that an appeal restricts "only trial court proceedings that impinge more directly upon the questions presented in the interlocutory appeal." *Id.* at 260. In other words, whether jurisdiction has been divested turns upon whether there is an "inconsistency . . . between the interlocutory appeal and proceeding toward final resolution of the merits in the trial court." *Id.*

Here, the Defendants filed a four-count Counterclaim, the first three of which are subject to OfficeMax's motion to dismiss: Count I alleges that OfficeMax

5

breached its employment contract with them by failing to pay Defendants Levesque and Rattray in accordance with the OfficeMax compensation plan; Count II alleges that OfficeMax defrauded Messers. Levesque and Rattray by using a definition of "cost" in the compensation plan that was not in fact a true cost; and Count III alleges a failure to make timely payment to Messers. Levesque and Rattray pursuant to a state wage payment statute. *Ans., Affirmative Defenses, Demand for Jury Trial, and Countercl. of Defs.* at 7–12 (Docket # 66) (*Defs.' Countercl.*).

The Court agrees with OfficeMax that the issues raised in the Defendants' Counterclaim do not touch upon the issues raised on appeal and that there is no inconsistency between the interlocutory appeal and considering dismissal of the Defendants' counterclaims. The Order now under appeal addressed the enforceability of the noncompetition agreements, an issue that does not directly relate to the Defendants' Counterclaims, and the Defendants are asking the First Circuit to address whether the Court erred in enforcing the terms of a noncompetition agreement originally between Loring, Short & Harmon and the individual Defendants. *See Prelim Inj. Order* at 32–53. In their opposition to OfficeMax's motion for preliminary injunction, the Defendants had vigorously asserted that the Loring, Short & Harmon noncompetition agreement did not apply to them as OfficeMax employees, and if it did, that OfficeMax had not demonstrated any violation of the noncompetition agreement.

In Counterclaim Counts I through III—the counts subject to the motion to dismiss—the Defendants asserted that OfficeMax breached its employment

6

agreement with them, committed fraud by manipulating the meaning of the word "cost" in the OfficeMax compensation plan, and failed to make timely payment of wages under Maine statutory law. *Defs.' Countercl.* at 7–12. Regarding Count I, OfficeMax says that the OfficeMax Incentive Plan upon which the Count is based contains numerous specific disclaimers which specify that the terms of the Plan do not form an employment contract. *Pl.'s Mot. to Dismiss* at 8–9. Regarding Count II, OfficeMax says that the allegations in the fraud count are not sufficiently specific to sustain a fraud allegation. *Id.* at 6–8. Regarding Count III, OfficeMax says that the Maine statutory claim does not apply because the statute does not apply to bonuses. *Id.* at 9–12. None of these legal issues touches on whether the Loring, Short & Harmon noncompetition agreement is enforceable or was breached. The Court therefore denies the Defendants' motion regarding divestiture of jurisdiction.

Although the Court denies the Defendants' motion to stay, it alerts the Defendants that, after the filing of the OfficeMax motion to dismiss, in an order titled "Order on Motions for Summary Judgment, to Strike, for Sanctions, and to Supplement," the Court addressed a strikingly similar set of issues in a companion case, *OfficeMax Incorporated v. Sousa*, 2:09-cv-00631-JAW. In the Order, the Court granted OfficeMax's motion for summary judgment on the breach of contract and fraud claims but denied its dispositive motion on the Maine Timely and Full Payment of Wages Law claim.[2]

---

[2] The *Sousa* Defendants recently filed a motion for reconsideration of this Order, arguing that the Court misapprehended the gravamen of their counterclaims. OfficeMax has not yet responded.

With the denial of Defendants' motion to stay, the Court now has only the motion to dismiss and no substantive response from the Defendants since they elected to move to stay, not to respond to the merits of the motion. Accordingly, the Court allows Defendants the right to file a response to the pending motion to dismiss and OfficeMax the right to reply in accordance with the time periods set forth in Local Rule 7(b) and (c). D. ME. LOC. R. 7(b), (c).

## IV. CONCLUSION

The Court DENIES Defendants' Motion Regarding Divesture of Jurisdiction in District Court upon Filing of Notice of Appeal (Docket # 82), ORDERS Defendants to respond to the Plaintiff's Motion to Dismiss Counts I – III of the Counterclaim within twenty-one days after the date of this Order, and ORDERS Plaintiff to file any reply within fourteen days after the filing of any objection by the Defendants.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 25th day of April, 2011